UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| THEODORE ROBERT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:15 CV 173 ) |
| CITY OF SOUTH BEND, INDIANA, *et al.*, | ) ) ) |
| Defendant. | ) ) |

## OPINION and ORDER

This matter is before the court on defendants' motion to dismiss plaintiff Theodore Robert's complaint. (DE # 10.)

### I. FACTS

Plaintiff is an African-American male who, at all times relevant to this case, was employed by the City of South Bend as a police officer. Plaintiff claims, amongst other things, that he experienced discrimination in the form of retaliation. Plaintiff contends that defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) *et seq.*, and the First Amendment.

### II. LEGAL STANDARD

Defendants have moved to dismiss plaintiff's claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. A judge reviewing a complaint under a RULE 12(b)(6) standard must construe it in the light most favorable to the non-moving party, accept well-pleaded facts as true, and draw all inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Reger Dev., LLC v.*

*Nat'l City Bank,* 595 F.3d 759, 763 (7th Cir. 2010). Under the liberal notice-pleading requirements of the FEDERAL RULES OF CIVIL PROCEDURE, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To satisfy RULE 8(a), "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Twombly*, 550 U.S. at 555, 570. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing *Sanjuan v. Am. Bd. of Psychiatry & Neurology*, 40 F.3d 247, 251 (7th Cir. 1994) among other authorities). As the Seventh Circuit recently explained, a complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010).

However, the plaintiff does not need to plead facts that establish each element of a cause of action and, "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Sanjuan*, 40 F.3d at 251. Even

if the truth of the facts alleged appears doubtful, and recovery remote or unlikely, the court cannot dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

III. **DISCUSSION**

This motion requires little discussion. The Seventh Circuit has stated that plaintiffs alleging employment discrimination "may allege these claims quite generally." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "A complaint need not 'allege all, or *any,* of the facts logically entailed by the claim,' and it certainly need not include evidence." *Id.* (quoting *Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir. 1998) (emphasis in original)). "[I]n order to prevent dismissal under Rule 12(b)(6), a complaint alleging [racial] discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her [race]." *See Tamayo*, 526 F.3d at 1084; *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013) (same); *Huri v. Circuit Court of Cook County*, No. 11 C 3675, 2012 WL 1431268, at *3 (N.D. Ill. Apr. 25, 2012) ("For a Title VII discrimination claim, a plaintiff must allege facts that plausibly suggest that the defendant employer 'instituted an adverse employment action against [the plaintiff] on the basis of her' protected characteristic." (quoting *Joren v. Napolitano*, 633 F.3d 1144, 1146 (7th Cir. 2011))). While *Swanson* was decided in the context of Title VII claim, the rationale appears equally applicable to First Amendment retaliation claims. In this case, Counts I and II of plaintiff's complaint

3

present plausible allegations of retaliation under Title VII and the First Amendment, and dismissal is not warranted at this time. However, defendants are correct that Title VII permits suit against only employers, not individual employees, *Sattar v. Motorola, Inc.,* 138 F.3d 1164, 1168 (7th Cir. 1998), so plaintiff's Title VII claim against all defendants except the City of South Bend must be dismissed.

Count III of plaintiff's complaint is a different story. Though plaintiff is represented by counsel in this case, Count III is virtually unintelligible from a legal standpoint, and the court can discern no actual claim therein. Plaintiff appears to have made a number of complaints to the City about racial issues and received no response, but it is unclear how these circumstances translate into a legal claim. Accordingly, Count III is dismissed.

## IV. CONCLUSION

Defendants' motion to dismiss (DE # 10) is **GRANTED, in part, and DENIED, in part.**

**SO ORDERED.**

Date: March 15, 2016

s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT

4